FILED

2018 JUL 31 AM 9: 48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHELLE SIMPSON,

    Plaintiff,

v.                          CASE NO.: 5:18-cv-397-oc-30PRL

TAMMY C. LOLLEY, Individually, d/b/a
NORTHGATE DINER

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHELLE SIMPSON ("SIMPSON" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, TAMMY C. LOLLEY d/b/a NORTHGATE DINER, individually ("TL" or Defendant) and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 hereinafter called the "FLSA") to recover overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and other relief permitted by the FLSA, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon the FLSA, a federal statute.

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Marion County, Florida.

5. At all times material hereto, Defendant owned and operated a restaurant serving local and foreign patrons doing business as Northgate Diner ("ND") located in Marion County, Florida.

6. Defendant's business served local and foreign patrons on a recurring basis, and accepted payment in the form of cash and credit cards.

7. At all times material hereto, TL was and continues to be a resident of Marion County, Florida, and served as owner and a paid employee of ND.

8. At all times material hereto, TL regularly held and/or exercised the authority to hire and fire employees of ND.

9. At all times material hereto, TL regularly held and/or exercised the authority to determine the work schedules for the employees of ND.

10. At all times material hereto, TL regularly held and/or exercised the authority control the finances and operations of ND.

11. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of ND; (b) determine the work schedules for the employees of ND; and (c) control the finances and operations of ND, TL is an employer as defined by 29 U.S.C. 201 *et. seq.*

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

13. At all times material hereto, Defendant was the "employer" within the

meaning of the FLSA.

14. Defendant was an "employer" within the meaning of FLSA.

15. At all times material hereto, ND was "an enterprise engaged in commerce," within the meaning of FLSA.

16. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. Specifically, at all times material hereto, Defendant had two (2) or more employees handling products, some or all of which were manufactured outside of the State of Florida.

18. At all times hereto, Plaintiff was "individually engaged in commerce" and subject to individual coverage within the meaning of §6 and §7 of the FLSA based upon her independent processing of credit card transactions for customers involving foreign credit lines and banks.

19. Specifically, Plaintiff, on a recurring basis, regularly took payment from, processed, interacted, and assisted with patrons who resided outside the State of Florida, and who used banks and credit institutions outside the State of Florida.

20. The foregoing tasks, described in Paragraphs 18-19 above, occurred on a daily and weekly basis in Plaintiff's performance of her job duties and responsibilities for Defendant.

21. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

22. From October 1, 2015, until July 9, 2018, Plaintiff worked for Defendant as a non-exempt, hourly paid employee.

23. To that end, Plaintiff was paid $5.50 per hour when she performed waitressing duties, and $9.00 per hour when she served as a delivery driver.

24. Plaintiff was scheduled to work 48 hours per week, but, in reality, worked 60 or more hours per week.

25. Defendant refused to count any hours worked after 3:00 pm as working hours, despite the fact that she required employees to work same.

26. Plaintiff was not paid any compensation for these additional hours, whatsoever.

27. And, when Plaintiff worked overtime pursuant to her schedule, she was only paid straight time (or her regular hourly rate for same) instead of legally mandated overtime compensation.

28. While Plaintiff does not have all of her time records that would allow her to allocate her rate of pay for each of the hours she worked (depending on what job she was performing on each day (delivering vs. serving), Plaintiff estimates her FLSA overtime damages to be as follows:

- For the 8 hours per week that Plaintiff was paid straight time for overtime hours, Plaintiff takes the average of $5.50 per hour and $9.00 per hour which totals $7.25. Plaintiff would be owed half time for each overtime hour worked that was paid, totaling $3.63 per hour X 8 hours per week = $29.00 owed per week X 145 weeks (duration of employment) =

4

$4,205.00 unliquidated, and $8,410.00 liquidated.

- For the 12 hours of overtime that Plaintiff was not paid anything for per week, Plaintiff uses the same average of $7.25 per hour X 1.5 (overtime rate)= $10.88 per overtime hour X 12 hours per week = $130.50 per week X 145 weeks (duration of employment) = $18,922.50 unliquidated, and $37,845.00 liquidated.

- Plaintiff's total overtime due, based on the foregoing, is **$46,255.00** plus attorneys' fees and costs.

29. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

30. Defendant violated the FLSA throughout Plaintiff's employment in that:

  a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

  b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA.

5

31. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

32. Plaintiff re-alleges and reavers paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

34. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

35. At all times material hereto, Defendant failed to fail to maintain proper time records as mandated by the FLSA.

36. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by her failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when she knew, or should have known, such was, and is due.

37. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

39. Defendant had no objective or subjective good faith basis for her actions and, therefore, Plaintiff is entitled to liquidated damages under the FLSA.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: July 12, 2018.

Respectfully submitted,

*/s/ NOAH E. STORCH*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*